**John ROBINSON, Appellant,**

v.

**Harry BLACK, Appellee.**

Court of Appeals of Kentucky.

April 25, 1958.

Moss Noble, Jackson, for appellant.

Eldon Webb, Ashland, Grannis Bach, Jackson, for appellee.

CAMMACK, Judge.

This suit was instituted by Harry Black against John Robinson to recover a balance of $1,500 claimed to be due on a $3,000 contract for the sale of a portable roller skating rink. Robinson counterclaimed, alleging breach of warranty and damages in the amount of $2,200. A jury found against Robinson on his counterclaim and awarded Black the $1,500 claimed by him. Judgment was entered accordingly. No motion for an appeal was filed and Black has insisted from the outset that the appeal should be dismissed.

Item 4 of the counterclaim follows:

"Defendant was damaged by reason of the defective equipment as above set forth in the aggregate amount of twenty-two hundred ($2,200.00) dollars and he is entitled to recover said cost of plaintiff *and to off-set the amount thus due him against any unpaid portion of the purchase price.*" (Emphasis supplied.)

In his counterclaim Robinson admitted the $1,500 due on the contract and claimed an additional $700 damages for a total of $2,200. The total amount in controversy (the combined claims of the parties) thus was $2,200 and not $3,700, as contended by Robinson. Actually the net difference between the claims was $700. Had Robinson denied that he owed the balance due on the contract we would be faced with a different question. Under the circumstances we have no jurisdiction of the appeal. Woosley v. Price Chemical Company, Ky., 307 S.W.2d 572. Therefore, we are withdrawing our order of February 20, 1957,

overruling Black's motion to dismiss the appeal.

Were the case before us properly, we would affirm the judgment because we have reviewed the record and find no merit in the attempted appeal.

Appeal dismissed.